# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT T. ARMSTRONG,<br><br>Plaintiff,<br><br>vs.<br><br>TED. P. BURY,<br><br>Defendant. | CV 15-37-BU-BMM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Robert Armstrong filed a Complaint on July 22, 2015, pursuant to 42 U.S.C. § 1983. (Doc. 1.) Armstrong alleged that Defendant Ted Bury violated his state and federal rights while supervising Armstrong's probation. *Id.*

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on November 13, 2015. (Doc. 5.) Judge Lynch reviewed Armstrong's Complaint pursuant to 28 U.S.C. § 1915A. 28 U.S.C. § 1915A requires the Court to dismiss a prisoner's complaint or portions thereof if the Court determines the defendant's complaint fails to state a claim upon which relief can be granted or represents a frivolous or malicious claim.

Judge Lynch recommended that this Court dismiss Armstrong's Complaint on the basis that the claims are barred by the statute of limitations and fail to state a

1

federal claim for relief. (Doc. 5 at 3-6.) Judge Lynch also recommended that the Court should decline Armstrong leave to amend. (Doc. 5 at 7.) Judge Lynch further recommended that the Court should designate this case as a "strike" under the Prisoner Litigation Reform Act.

Armstrong timely filed objections to Judge Lynch's Findings and Recommendations on November 27, 2015. (Doc. 6.) The Court reviews de novo Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the findings and recommendations to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). "Where a [party's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard,* 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Armstrong has raised an objection to Judge Lynch's determination that he failed to state a claim for which the Court may grant relief. Armstrong seems to argue that Bury's actions establish a claim under 42 U.S.C. § 1983 when considered collectively. (Doc. 6 at 2.) Armstrong's Complaint raised two allegations. Armstrong alleged that Bury retaliated against him when Bury

contacted law enforcement authorities in Colorado regarding an outstanding warrant. (Doc. 1 at 6.) Armstrong also alleged that Bury improperly placed liens on his house for the collection of fines, restitution, and supervision fees. *Id.* These allegations, even when considered together, fail to state a federal claim for which the Court can grant relief. Bury's actions to contact Colorado law enforcement fails to amount to a constitutional violation under 42 U.S.C. § 1983. Likewise, Bury's advisement of the title company handling the sale of Armstrong's property of outstanding debts, fines, and fees fail to amount to a constitutional violation.

Armstrong also has raised an objection to Judge Lynch's determination that the statute of limitations bars his claims. The three-year statute of limitations governing personal injury actions applies to claims filed pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). A claim accrues under federal law "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).

Armstrong asserts that he "discovered" his injury when he "discovered [Bury's] actions to be unlawful" on February 1, 2015. (Doc. 6 at 2.) The documents Armstrong attached to his Complaint show, however, that Armstrong knew of Bury's actions before February 1, 2015. The Adult Chronological History document shows that Bury and Armstrong discussed the Colorado warrant in July 2009. (Doc. 1-1 at 4.) A Settlement Statement shows that outstanding debts to

3

Flathead County, court fines and fees, and supervision costs had been collected upon the sale of Armstrong's house. (Doc. 1-1 at 6.) The Settlement Statement lists the "Settlement Date" as July 29, 2009, and the "Disbursement Date" as August 4, 2009. *Id.* The documents Armstrong attached to his Complaint show that the statute of limitations began to run in July 2009 when Armstrong knew or had reason to know of his alleged injury. Armstrong filed his complaint on July 2015—almost six years after the statute of limitations began to run. Even if Armstrong had stated a claim for which relief could be granted, the statute of limitations bars Armstrong's Complaint.

Armstrong also has objected to Judge Lynch's recommendation that the Court should decline to grant Armstrong leave to amend. The Court can decline to grant leave to amend if "it determines that the pleading could not possibility be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The applicable two-year statute of limitations bars Armstrong's claim. The pleading cannot be cured by amendment. The Complaint should be dismissed without leave to amend.

Armstrong also has objected to Judge Lynch's recommendation to designate this civil action as a "strike" under the Prison Litigation Reform Act. This Act prohibits prisoners from bringing future civil actions once the prisoner has brought three or more actions that the court dismissed for frivolousness, maliciousness, or

failure to state a claim. 28 U.S.C. § 1915(g). Armstrong failed to file within the applicable statute of limitations. Failure to file within the applicable statute of limitations constitutes a failure to state a claim for which the Court may grant relief. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007). The dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

The Court agrees with Judge Lynch's recommendations. This Court finds no clear error in Judge Lynch's Findings and Recommendations and adopts them in full.

**IT IS HEREBY ORDERED:**

1. Armstrong's Complaint (Doc. 1) is DISMISSED without leave to amend.
2. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.
3. The Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(a).

DATED this 2nd day of December, 2015.

Brian Morris
United States District Court Judge